**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

**ANTHONY J. SELLERS,**       \*

     *Plaintiff,*       \*

**v.**       \*      **Civil Action No: 1:13-cv-3906**

**CARMAX OF LAUREL, LLC**       \*
**400 Cox Road**
**Glen Allen, Virginia 23060**       \*
**Charlotte, NC 28224**
      \*
    **Serve upon:**
      \*
    **CSC-Lawyers Incorporating**
    **Service Company**       \*
    **7 St. Paul Street, Ste. 1660**
    **Baltimore, MD 21202,**       \*

**and**       \*

**AARON A. BARNES**       \*
**c/o Carmax of Laurel, LLC**
**8800 Freestate Drive**       \*
**Laurel, MD 20723**
      \*
    *Defendants.*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Anthony J. Sellers, (hereafter the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. As alleged further herein, Defendants Carmax of Laurel, LLC (hereinafter "Carmax") and Aaron Barnes obtained without consent the credit report of the Plaintiff, and fraudulently facilitated

1

the access the credit report of the Plaintiff by other third parties, actions prohibited by § 1681b of the Fair Credit Reporting Act. In this action, Plaintiff seeks actual, statutory and punitive damages, costs and attorney's fees as provided under the Fair Credit Reporting Act as a result of the conduct of Carmax and Aaron Barnes.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff Anthony J. Sellers is a citizen of the State of Maryland and a resident of Montgomery County. He is a "consumer" as defined by 15 U.S.C. § 1681a(c) and at all relevant times has been over the age of 21 years.

3.     Defendant Carmax of Laurel, LLC is organized under the laws of the Commonwealth of Virginia and owns and operates a automobile dealership located at 8800 Freestate Drive in Laurel, Howard County, Maryland.

4.     Defendant Aaron A. Barnes is a natural person who at all times relevant herein was an agent or employee of Defendant Carmax of Laurel, LLC.

5.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1681p. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

6.     In early November, 2013, Plaintiff visited the Carmax dealership located at 8800 Freestate Drive, Laurel, Maryland and met with a salesperson named James Matthews to discuss the purchase of a pick-up truck. When the Plaintiff did not find a vehicle that he was interested in purchasing, James Matthews advised him that Carmax could transfer a vehicle from another location at no cost and suggested that the Plaintiff visit the Carmax webpage and to call back if there was a vehicle that the Plaintiff would like to have transferred to the Laurel location.

7.     On November 10, 2013, Plaintiff searched the Carmax website and discovered a white 2005 Dodge Ram 1500 SLE that was of interest to him. Plaintiff then attempted to contact James Matthews to arrange for a free transfer of the vehicle from its current location in North Carolina to the Laurel dealership. After being advised that James Matthews was not at work, the Plaintiff returned to the web site and completed an online form requesting a free transfer of the vehicle at approximately 5:45 P.M.

8.     Shortly after 6:00 P.M., Plaintiff received a telephone call from Aaron Barnes, another salesman at the Laurel Carmax. Plaintiff advised Barnes that the call was interrupting his dinner and that he was already working with James Matthews. Plaintiff asked Barnes to forward the information to James Matthews. Barnes persisted to press the Plaintiff for additional information even though the Plaintiff had previously provided the information to James Matthews.

9.     Barnes made a second call to the Plaintiff approximately 15 minutes after the first call and again interrupted the Plaintiff's dinner. Plaintiff refused to speak with Barnes and hung up the phone.

10.     Undeterred, Barnes then sent the Plaintiff an email that stated:

On Sunday, November 10, 2013 6:14 P.M.
"Aaron_A_Barnes@carmax.com"  <Aaron_A_Barnes@carmax.com>
wrote:

Dear Mr. Sellers,
Thank you for contacting CarMax. You asked transferring a 2005 Dodge Ram 1500 SLE from Raleigh, NC. My customers love that truck.

Transferring a car is a great option to get the exact car you are looking for.

I recommend we start the process of transferring this truck by talking over the phone to learn more about what questions you have about this Ram.

3

I look forward to working with you. I know you will enjoy shopping with CarMax.

Sincerely,
Aaron Barnes
Sales Consultant
330.550.0373
Aaron_ABarnes@carmax.com


carmax.com | Privacy Policy | Unsubscribe
This may be considered a promotional email sent by CarMax.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238


11.    Then, despite repeatedly being advised by the Plaintiff that the Plaintiff was working with James Matthews and did not want Aaron Barnes involved in the transaction, Aaron Barnes accessed information from the Plaintiff's credit report from one or more consumer reporting agencies and sent the Plaintiff the following email:

On Sunday, November 10, 2013 7:05 PM,
"Aaron_A_Barnes@carmax.com" <Aaron_A_Barnes@carmax.com> wrote:

Hello Mr. Sellers,

Your vehicle has been transferred and you were re approved for financing.

You were approved by Drive Finance for 72 months at 24%. You need to put $500 down when you purchase the truck. You will need to show proof of insurance when you buy the vehicle. I'll be texting and emailing you throughout the transfer process.

Thank you,
Aaron Barnes
Sales Consultant
330.550.0373

12.    On the next evening, Plaintiff visited the dealership, met with James Matthews, and asked Matthews to explain how he had been approved for financing without providing

4

Aaron Barnes with a date of birth or social security number. James Matthews was not able to provide an answer to this question. Plaintiff then spoke with a manager and advised the manager that he did not want to deal any further with Aaron Barnes.

13.    On or about November 22, 2013, Aaron Barnes again telephoned the Plaintiff to advise the Plaintiff that the vehicle was on its way to Laurel. During this conversation, Plaintiff asked Aaron Barnes for an explanation about how financing had been approved when the Plaintiff had not filed an application for a loan or provide Barnes with a social security number or date of birth. Aaron Barnes refused to answer this question, but tried to change the subject. When the Plaintiff persisted, Aaron Barnes admitted that he and a manager had found the information they needed to obtain a credit report from other documents available to them. Barnes then acknowledged that he had obtained access to the Plaintiff's credit reports without proper authorization and apologized.

14.    The conduct of Aaron Barnes alleged herein occurred with the knowledge and approval of Carmax, acting through its manager and was expressly authorized, approved, adopted and ratified by Carmax. At all relevant times Aaron Barnes was the agent and employee of Carmax and was acting within the scope of his agency and employment.

15.    The Plaintiff explained that he was upset because inquiries like the one that Carmax had made were lowering his credit score.

16.    Shortly thereafter, the Plaintiff received the following email from Aaron Barnes:

**From:** Aaron_A_Barnes@carmax.com
**Date:** November 22, 2013 at 6:38:22 PM EST
**To:** djace01@yahoo.com
**Subject: Dodge Ram**

Hello Tony,

I really don't understand what your problem is with me I'm just trying to help you with this truck . First I would like to apologize Sorry that i had to run your credit without your permission and lied to you about the price and the % and that I called you so manny times . I have spoken with my manager and we can take $3,000 off the price of the truck for you of your inconvenience with everything if you accept this offer just come on in when you have time this week and we can work this thing out also if you need to talk to me please call my cell.

Thank You,

Aaron Barnes
Sales Consultant
Laurel, MD
330.550.0373

17.     Carmax and Aaron Barnes then fraudulently caused the Plaintiff's credit report to be issued to third party financing companies including Ally Financial and Capital One Auto Finance.

18.     Neither Carmax nor Aaron Barnes received permission from the Plaintiff to obtain his credit report on November 10, 2013. Plaintiff made no application for credit on November 10, 2013.

19.     Carmax and Aaron Barnes did not have a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, to obtain Plaintiff's credit report on November 10, 2013.

20.     When Plaintiff ultimately decided to purchase the vehicle, Carmax refused to honor the promise made by Aaron Barnes that Carmax would reduce the purchase price on the vehicle by $3,000.00.

21.     The conduct of Carmax and Aaron Barnes alleged herein caused actual damage to the Plaintiff because the unauthorized hard pulls of the Plaintiff's credit reduced his credit

score and resulted in the Plaintiff obtaining less favorable financing for the vehicle he ultimately purchased from Carmax.

**COUNT I**

**WILLFUL WRONGFUL PROCUREMENT**
**OF CREDIT REPORT**

22.     The Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

23.     Under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, a credit reporting agency is prohibited from furnishing a consumer's credit report to a person who lacks a permissible purpose. The permissible purposes allowed by the Fair Credit Reporting Act are set forth in 15 U.S.C. § 1681b and include: "in accordance with the written instructions of the consumer to whom it relates."

24.     Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

25.     Carmax and Aaron Barnes wrongfully obtained the credit report of the Plaintiff on November 10, 2013 and had no permissible purpose under 15 U.S.C. § 1681b for obtaining the Plaintiff's credit report from consumer reporting agencies at that time.

26.     Carmax and Aaron Barnes prepared fraudulent documents that were provided to Ally Financial, Capital One Auto Finance and other financing companies that resulted in these finance companies obtaining unauthorized access to the Plaintiff's credit report from consumer reporting agencies.

27.     The credit reports obtained on November 10, 2013, are consumer reports within the meaning of the Fair Credit Reporting Act.

28.     Carmax acted willfully, knowingly and in conscious disregard of the rights of Plaintiff in taking the actions alleged herein.

29.     Carmax acted negligently and caused the Plaintiff to suffer damages to his credit score that were substantially attributable to the unauthorized access made by Carmax and resulted in the Plaintiff receiving less favorable credit terms when he finally agreed to purchase the vehicle.

30.     On or about November 10, 2013, Carmax and Aaron Barnes fraudulently certified to the credit reporting agencies that it was requesting the credit report for a permissible purpose and that it had been authorized by the Plaintiff to request a copy of the report.

31.     Carmax and Aaron Barnes obtained the Plaintiff's consumer report from a consumer reporting agency on November 10, 2013 under false pretenses.

32.     Carmax and Aaron Barnes obtained the Plaintiff's consumer report from a consumer reporting agency on November 10, 2013 knowingly without a permissible purpose.

33.     As a result of Carmax's willful violation of the Fair Credit Reporting Act, Carmax is liable under 15 U.S.C. § 1681n(a) for actual damages, statutory damages of not less than $100 and not more than $1,000 and punitive damages in an amount sufficient to deter Carmax from engaging in this kind of practice in the future.

34.     As a result of Carmax's willful violation of the Fair Credit Reporting Act, Carmax is liable under 15 U.S.C. § 1681n(a) for the costs of bringing this action as well as reasonable attorneys fees.

35.     As a result of Carmax's negligent violation of the Fair Credit Reporting Act, Carmax is liable under 15 U.S.C. § 1681o for actual damages, and for the costs of bringing this action as well as reasonable attorneys fees.

36.     Aaron Barnes is a natural person who obtained the Plaintiff's consumer report under false pretenses or knowingly without a permissible purpose.

37.     As a result of Aaron Barnes' willful violation of the Fair Credit Reporting Act, Aaron Barnes is liable under 15 U.S.C. § 1681n(a)(1)(B) for the actual damages sustained by the Plaintiff or $1,000 whichever is greater.

38.     As a result of Aaron Barnes' willful violation of the Fair Credit Reporting Act, Aaron Barnes is liable under 15 U.S.C. § 1681n(a) for the costs of bringing this action as well as reasonable attorneys fees.

39.     As a result of Aaron Barnes' negligent violation of the Fair Credit Reporting Act, Aaron Barnes is liable under 15 U.S.C. § 1681o for actual damages, and for the costs of bringing this action as well as reasonable attorneys fees.

WHEREFORE, Plaintiff, Anthony J. Sellers, requests the following relief:

a.      an award of actual damages in an amount to be determined at trial against each Defendant, jointly and severally;

b.      an award of statutory damages against Carmax of $1,000.00;

c.      an award of statutory damages against Aaron A. Barnes of $1,000.00;

d.      an award of the costs of bringing this action and a reasonable attorney's fee; and

e.      such other and further relief as deemed just and appropriate by the Court.

## JURY TRIAL DEMAND

Anthony J. Sellers hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of statutory damages, punitive damages, attorney's fees and litigation costs.

Dated: December 30, 2013                              Respectfully Submitted,


/s/ E. David Hoskins_____
E. David Hoskins, Esq. , No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
dhoskins@hoskinslaw.com


/s/ Max F. Brauer_____
Max F. Brauer, Esq., No. 11306
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
maxbrauer@hoskinslaw.com